UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTINA STAIB,

                Plaintiff,        **MEMORANDUM OF
                                                          DECISION & ORDER**
        -against-          15-cv-6775 (ADS)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Jeffrey D. Delott**
*Attorney for the Plaintiff*
366 North Broadway
Suite 410k-3
Jericho, NY 11753
       By:    Jeffrey D. Delott, Esq., Of Counsel

**United States Attorney's Office for the Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
       By:    Candace Scott Appleton, Assistant United States Attorney

**SPATT, District Judge**:

On November 25, 2015, the Plaintiff Christina Staib (the "Plaintiff" or the "claimant") commenced this civil action pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the Defendant, the Acting Commissioner of Social Security Nancy A. Berryhill (the "Defendant" or the "Commissioner"), that she is ineligible to receive Social Security disability insurance benefits.

This is a unique case. Both parties agree that both the Administrative Law Judge ("ALJ") and the Appeals Council failed to review or consider certain evidence in the course of denying the Plaintiff's claim. However, the parties disagree as to the remedy. The Commissioner seeks an order remanding for further administrative proceedings while the Plaintiff requests remand solely for the calculation of benefits. For the following reasons, the Court grants the Defendant's motion to reverse the Commissioner's decision and to remand for further administrative proceedings; and grants in part and denies in part the Plaintiff's motion for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c).

## I. BACKGROUND

The Court will not engage in a recitation of the facts, because as discussed below, the case must be remanded for further proceedings before a federal district court can rule on whether the ALJ's decision can be upheld.

The parties agree that the Plaintiff submitted three sets of relevant and material documents to the ALJ that the ALJ did not review or mark as exhibits. These documents consisted of records—some of which were treatment records—from an osteopathic physician, a neurologist, and an internist. Although these documents appear in the record, they are not listed in the "List of Exhibits" that were considered by the ALJ. The ALJ said that he would admit those three sets of documents post-hearing, but apparently he did not.

Furthermore, the parties agree that the ALJ failed to develop the record. First, the ALJ did not attempt to obtain any treatment records from the Plaintiff's mental health providers, Dr. Sweetland and Dr. Bedard, who found that the Plaintiff had moderate mental limitations. As the Plaintiff said in her memorandum, "[i]f the ALJ actually believed that therapy notes were needed to support the treating opinions, then he was obligated to obtain them." (Pl.'s Mem. of Law at 6

2

(internal citations omitted)). Second, the Defendant admits that although the Plaintiff claimed an onset date of June 1, 2012, there were no treatment notes in the record as reviewed by the ALJ before February 27, 2014.

Finally, the parties agree that the Plaintiff submitted further relevant and material evidence from the Plaintiff's neurologist to the Appeals Council after the ALJ denied her application. However, these documents were neither marked as exhibits nor were they considered.

## II. DISCUSSION

It is within the Court's discretion to decide whether to remand for further proceedings or solely for the calculation of benefits. *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005) ("Because Congress did not state that district courts 'shall' exercise this additional power but simply gave district courts the authority to do so in an appropriate case, it reasonably may be inferred that the district court's exercise of such authority was intended to be discretionary and should be reviewed for abuse of discretion." (quoting *Harman v. Apfel,* 211 F.3d 1172, 1173 (9th Cir. 2000)).

However, the Second Circuit has explicitly said that "where the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate. That is, when 'further findings would so plainly help to assure the proper disposition of [the] claim, we believe that remand is particularly appropriate.'" *Id.* (quoting *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999)). As there are numerous gaps in the record here, the Court is compelled to remand the case for further proceedings.

Where an "ALJ reach[es] a mistaken conclusion on an otherwise complete record," *Rosa*, 168 F.3d at 83, remand solely for calculation of benefits is appropriate. However, where the "ALJ failed to fulfill h[is] duty in claimant's case in several respects," remand for further proceedings is

3

appropriate. Id; *see also Cherico v. Colvin*, No. 12 CIV. 5734 MHD, 2014 WL 3939036, at *31 (S.D.N.Y. Aug. 7, 2014) ("Remand is warranted where there are gaps in the administrative record or the ALJ has applied an improper legal standard." (quoting *Rosa*, 168 F.3d at 82–83 (internal quotation marks and further citations omitted)).

Where an ALJ fails to include relevant documents he possessed in the record, he fails to develop the record. *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 243 (E.D.N.Y. 2016). "Under these circumstances, the case must be remanded for a complete and fair hearing, and the plaintiff must have the opportunity to present any evidence she wishes at the rehearing in support of her application . . . ." *Id.* (internal citations, quotations and alterations omitted). As the ALJ and the Appeals Council both failed to consider relevant documents, they did not adequately develop the record.

Before a court analyzes the merits of a Social Security case, "[t]he reviewing court 'must first be satisfied that the claimant has had a full hearing under the regulations and in accordance with the beneficent purposes of the Social Security Act.'" *Cruz v. Barnhart*, 343 F. Supp. 2d 218, 220 (S.D.N.Y. 2004) (quoting *Cruz v. Sullivan,* 912 F.2d 8, 11 (2d Cir. 1990) alterations and further internal citations omitted)). Here, the Court finds that the Plaintiff has not received a full and fair hearing.

Indeed, the Plaintiff argues, and the Defendant concedes, that she was deprived of a full and fair hearing. That alone requires remand for further proceedings. *See Rose*, 202 F. Supp. 3d at 239 ("A remand by the court for further proceedings is appropriate when the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the regulations." (quoting *Ming v. Astrue*, No. 07–CV–4567 (DLI) (SMG), 2009 WL 2495947, at *3 (E.D.N.Y. Aug. 13, 2009) (internal alterations omitted))).

Finally, the parties agree that the Appeals Council also failed to consider relevant evidence. This also requires a remand for further proceedings. *See Wilbon v. Colvin*, No. 15-CV-756-FPG, 2016 WL 5402702, at *5 (W.D.N.Y. Sept. 28, 2016) (stating that if the Appeals Council fails to consider material evidence relating to the relevant time period, "the proper course for the reviewing court is to remand for reconsideration in light of the new evidence." (quoting *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010) (citing *Milano v. Apfel,* 98 F. Supp. 2d 209, 216 (D. Conn. 2000))); *Seifried ex rel. A.A.B. v. Comm'r of Soc. Sec.*, No. 6:13-CV-0347 LEK/TWD, 2014 WL 4828191, at *4–5 (N.D.N.Y. Sept. 29, 2014) (same).

The Plaintiff was unable to provide any case law where a district court found a plaintiff disabled based on evidence that was reviewed by neither an ALJ nor the Appeals Council. Instead, several of the cases cited by the Plaintiff stand for the proposition that that further proceedings are necessary. *See Judge v. Comm'r of Soc. Sec.*, No. 12-CV-482 GLS/VEB, 2013 WL 785522, at *8 (N.D.N.Y. Feb. 1, 2013) (remanding for reconsideration of the Plaintiff's residual functional capacity, compliance with the treating physician rule, and further development of the record because the ALJ failed to develop the record, and the Appeals Council could "not reject the treating physician's conclusions based solely on a lack of clear medical evidence or inconsistency without first attempting to fill the gaps in the administrative record"), *report and recommendation adopted*, No. 5:12-CV-482 GLS/VEB, 2013 WL 785641 (N.D.N.Y. Mar. 1, 2013); *Knepple-Hodyno v. Astrue,* 2012 WL 3930442, at *9 (E.D.N.Y. Sept 10, 2012) (remanding to the ALJ for further proceedings where the Appeals Council did not explain why it did not afford controlling weight to new evidence from treating physicians (citing *Lucas v. Astrue,* 2009 WL 3334345, at *5 (N.D.N.Y. Oct. l4, 2009)); *Bailey v. Astrue,* 815 F. Supp. 2d 590, 600 (E.D.N.Y. 2011) (remanding for consideration of new evidence); *Romero v. Astrue,* 2009 WL 4693914, at 10 (D. Ariz. Dec. 4,

2009) (remanding for further proceedings because submitted evidence was not included for consideration by the Appeals Council and stating that "[n]o mention of this new evidence was made in the Appeals Council action denying review.").

The Plaintiff cites to several cases where the district court found that the case did not require remand because a further development of the record was not warranted. However, as stated above, here, that is not the sole reason for remand. The ALJ and the Appeals Council failed to consider or evaluate evidence that had been submitted. The Plaintiff was therefore denied a full and fair hearing, and the case must be remanded for further proceedings so as to provide her with a full and fair hearing.

Because the record before the ALJ was so deficient and flawed, the Court cannot engage in any meaningful analysis of whether he correctly applied the treating physician rule, whether his decision is supported by substantial evidence, or whether he properly weighed the Plaintiff's credibility. *See Cichocki v. Astrue,* 729 F.3d 172, 177 (2d Cir. 2013) ("Remand may be appropriate, however . . . where other inadequacies in the ALJ's analysis frustrate meaningful review."); *Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004) ("It is not the place of the district court to weigh the credibility of complex, contradictory evidence, or reconsider anew whether the claimant is disabled." (citing *Schaal v. Apfel,* 134 F.3d 496, 500 (2d Cir. 1998))). "[I]t is the place of the district court to ensure that the ALJ has faithfully fulfilled his legal duties. The ALJ has a legal duty to adequately develop the record. This duty, however, would be meaningless if the ALJ did not actually consider the evidence contained therein." *Id.* (internal citations omitted). The ALJ did not adequately develop the record nor did he consider the evidence contained within the record. Therefore, any findings as to the Plaintiff's credibility, or her residual functional capacity, or what weight to assign to the various medical opinions are all flawed.

Nor can this Court consider the evidence that was not first considered by either the ALJ or the Appeals Council. In essence, although the evidence was in the record, the exhibit lists make it clear that the evidence was not considered by either entity. *See Randazzo v. Barnhart*, 332 F. Supp. 2d 517, 521 (E.D.N.Y. 2004) (Spatt, J.) (stating that documents that were not considered by the Commissioner can only be analyzed "as a basis for remand"). The fact that the Plaintiff attached to her complaint the exhibits that were not considered by the Commissioner further illustrates that the case requires further proceedings.

Accordingly, the case must be remanded to the Commissioner for further proceedings consistent with this opinion.

### III. CONCLUSION

Therefore, for the reasons stated above, the Plaintiff's motion for a judgment on the pleadings pursuant to Rule 12(c) is granted in part, and denied in part; and the Defendant's motion to reverse the final decision of the Commissioner and to remand for further proceedings is granted in its entirety. The Plaintiff's motion is granted to the extent that the final decision of the Commissioner is reversed, and the case is remanded. It is denied to the extent that the case is remanded for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

The ALJ is directed to obtain any and all relevant medical evidence between the dates of June 1, 2012 and February 27, 2014; to obtain treatment records from Dr. Bedard and Dr. Sweetland; to evaluate the three sets of documents submitted by the Plaintiff that were previously not considered; to take any further steps necessary to complete the administrative record; and conduct a new hearing. *See Valentin v. Colvin*, No. 3:16-CV-245 (MPS), 2017 WL 923903, at *5 (D. Conn. Mar. 8, 2017) ("[T]he ALJ should not only conduct a new hearing but should take any

steps necessary to complete the administrative record and issue a new decision after full development of the record and a new hearing."); Rose, 202 F. Supp. 3d at 247 (remanding case for the ALJ to develop the record more fully and provide the plaintiff with a full and fair hearing); *Yankus*, 2008 WL 4190870, at *8 (finding that "the ALJ's failure to adequately develop the Administrative Record" as well as the ALJ not "consider[ing] all of the relevant factors (especially plaintiff s credibility)—warrants remand of this case for a complete and fair hearing, and at which the plaintiff shall have the opportunity to present any evidence she wishes in support of her application").

The Clerk of the Court is respectfully directed to close the case.

It is **SO ORDERED:**

Dated: Central Islip, New York

May 30, 2017

                                            _____/s/ Arthur D. Spatt_____

                                            ARTHUR D. SPATT

                                            United States District Judge